**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2166
_____

MINILIK LAKEW,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A70-506-104)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges
Opinion filed:  May 2, 2011
_____

OPINION
_____

PER CURIAM.

Minilik Lakew has filed a petition for review of an order of the Board of

Immigration Appeals ("BIA") denying his motion to reconsider its prior denial of a

motion to reopen his deportation proceedings.  For the following reasons, we will deny

the petition.

Lakew, a citizen of Ethiopia, was admitted to the United States in December 1989,

with authorization to remain until June 5, 1990. Lakew overstayed his admission period, however, and, in May 1996, was charged with deportability pursuant to former Immigration and Nationality Act ("INA") § 241(a)(1)(B) [8 U.S.C. § 1231(a)(1)(B)]. He conceded deportability, but applied for asylum, withholding of deportation, and voluntary departure. An Immigration Judge denied relief. The BIA agreed that Lakew was statutorily ineligible for asylum and withholding of deportation because he participated in the persecution of others. Nevertheless, the Board remanded the matter to the IJ so Lakew could present evidence regarding his eligibility for relief under the United Nations Convention Against Torture ("CAT"). While his application for CAT relief was pending, Lakew submitted to the IJ an application for adjustment of status based on an approved I-130 petition filed by his mother. Ultimately, the IJ granted Lakew's request for deferral of deportation under the CAT, but denied the application for adjustment of status as a matter of discretion. Lakew appealed the denial of his adjustment application and, on November 19, 2002, the BIA affirmed without opinion.

Almost seven years later, in September 2009, Lakew filed a motion to reopen with the BIA. He again sought to apply for adjustment of status, this time based on an approved visa petition filed by his United States citizen wife. The Board denied the motion on December 30, 2009, holding that it was untimely and that none of the exceptions to the time-bar was applicable. Lakew next filed a motion to reconsider, arguing that the Board "did not examine [his September 2009] motion [to reopen] in light of all the circumstances," that he "deserve[d] a favorable exercise of the Board's

2

discretion," and that his "deportation proceeding should be reopened because he is eligible to adjust his status based upon his marriage to his United States citizen wife." He also suggested that the BIA should have reopened the proceedings sua sponte. On March 26, 2010, the BIA denied the motion to reconsider, finding that it "largely reiterate[d] the matters set forth in the prior motion which have already been considered by the Board." The BIA stated that it found "no adequate basis set forth to warrant reconsideration" and held that the reconsideration motion did "not demonstrate an exceptional situation that would warrant the exercise of [its] discretion sua sponte."

Lakew filed a timely petition for review of the BIA's denial of his motion to reconsider.[1] We have jurisdiction pursuant to INA § 242 [8 U.S.C. § 1252], and review the BIA's denial of a motion for reconsideration for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). The Board's decision is entitled to "broad deference." Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, to succeed on the petition for review, Lakew must demonstrate that the BIA's denial of reconsideration was somehow arbitrary, irrational, or contrary to law. Zheng v. Att'y Gen., 549 F.3d 260, 265 (3d Cir. 2008).

---

[1] We cannot review the BIA's November 19, 2002, final administrative decision or its December 30, 2010, denial of Lakew's motion to reopen because the petition for review was only timely as to the BIA's denial of reconsideration on March 26, 2010. See INA § 242(b)(1); McAllister v. Att'y Gen., 444 F.3d 178, 184-85 (3d Cir. 2006).

A motion to reconsider must specify the errors of law or fact in the BIA's prior decision. 8 C.F.R. § 1003.2(b)(1). In this case, the BIA's prior decision denied Lakew's motion to reopen because it was not timely filed and because Lakew did not qualify for an exception to the filing deadline. Lakew's motion to reconsider failed to specify an error of law or fact in those dispositive determinations. Although he alleged that the BIA "did not examine [his September 2009] motion [to reopen] in light of all the circumstances," he did not identify the circumstances that the Board allegedly overlooked. Lakew also claimed that he was eligible to adjust his status, but such eligibility has no bearing on whether the BIA erred in denying his motion to reopen as untimely. Finally, Lakew asserted that the Board should have reopened the proceedings sua sponte. The Board explicitly rejected this request, and we lack jurisdiction to review a challenge to that denial. Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003).

Because Lakew has not shown that the BIA's decision denying his motion for reconsideration was arbitrary, irrational, or contrary to law, we will deny the petition for review.